

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

December 22, 1949

Hon. Raymond E. Magee
County Attorney
Galveston County
Galveston, Texas

Opinion No. V-981.

Re: The authority of the
Commissioners' Court
to revise building
specifications and
add $1999.57 to the
contract price with-
out readvertising for
competitive bids.

Dear Sir:

Your request for an opinion is in part as fol-
lows:

"The Commissioners Court entered into
a contract with R. P. Frank which was award-
ed after complying with the statute on a bid
of $5814.16, and thereafter the City Build-
ing Inspector refused to issue a permit for
the construction of the building which was
to be a public rest room at East Beach Play-
ground outside the Seawall of the City of
Galveston, Texas. On October 14th, 1949,
the Commissioners Court, because addition-
al changes had to be made to comply with
the building code of the City of Galveston,
passed a resolution (a copy of which is en-
closed) authorizing the successful bidder,
R. P. Frank, to make the changes for a dif-
ference of $1999.57 and excluded a tile
floor which was in the original plans. The
Commissioners Court did not advertise for
new bids because they felt that under Art-
icle 2368a, Section 2 of the Revised Civil
Statutes of Texas the amount was under
$2000.00 and that additional bids were not
necessary.

". . .

"'Does the Court have authority to let
Mr. Frank complete the contract with the
changes made in the resolution without

438

readvertising for additional bids?'"

We are unable to find among the documents which you present for our consideration any information from which we might determine in what particular the building contract is violative of the building code of the City of Galveston.  It follows that neither are we able to determine exactly what changes were made in the contract in question, other than the exclusion of a tile floor from the original plans.  The submitted facts do reveal, however, that changes were made in the specifications which, as advertised, were the basis of the bids upon which the contract was awarded.

The rules as to when there must be a new advertisement for bids when changes are made in the specifications submitted as the basis for bids in the first instance are well stated in 43 American Jurisprudence 789, Public Works and Contracts, Section 46, as follows:

". . . After bids have been made upon the basis of plans and specifications prepared by public authorities and given out to all interested bidders, no material or substantial change in any of the terms of such plans and specifications will be allowed without a new advertisement giving all bidders opportunity to bid under the new plans and specifications. . . .

"Cases are legion in which contracts have been condemned by reason of the departure from the notice or specifications in some particular which was substantially favorable to the bidder.  Among particular departures from the advertised plans and specifications that have been regarded as material may be mentioned an extension of the time within which the proposed work is to be completed, in cases where time is of the essence of the contract, a stipulation for the use of paving materials different from that designated in the advertised plans and specifications, or setting a different price for a portion of the work.  And the courts will not permit this rule to be circumvented indirectly by permitting public authorities after entering into a legal contract pursuant to the advertised plans and specifications, later to make a new contract or supplemental contract with the successful bidder embodying changes in those plans

and specifications. . . ."

See also Iowa-Nebraska Light & Power Co. v. City of Courning, 220 Iowa 238, 261 N.W.423 (1935), and the annotation, 69 A.L.R. 697.

You state that the changes necessary to comply with the building code caused the addition of $1999.-57 to a contract originally awarded on a $5814.16 bid as a general rule, whether a change is "substantial" is a question of fact. It is our opinion, however, that changes amounting to more than one-third of the original contract price must be considered substantial and material. In that case the situation which you present to us comes within the rules stated above, and, notwithstanding the additional amount is less than $2,000, the county is required to readvertise for bids in compliance with the provisions of Article 2368a, Vernon's Civil Statutes.

## SUMMARY

When material and substantial changes, amounting to $1999.57 (more than one-third of the original contract price), are made by the County in the plans and specifications for a public building after a contract for the construction of that building has been made in compliance with Article 2368a, V.C.S., the County must readvertise for bids, notwithstanding the additional amount is less than two thousand ($2,000) Dollars.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *John Reeves*

John Reeves
Assistant

*E. Jacobson*

E. Jacobson
Assistant

APPROVED

*Price Daniel*

ATTORNEY GENERAL

JR:EJ:b:mw